STATE OF MISSOURI, EX REL. M. A. ROSENBLATT, Plaintiff in Error, *v.* WESLEYAN CEMETERY ASSOCIATION, Defendant in Error.

March 14, 1882.

If the property was used as a cemetery at the time the taxes sued for were assessed, there can be no recovery.

ERROR to the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*
M. B. JONAS, for the plaintiff in error.
CLINE, JAMISON & DAY, for the defendant in error.

THOMPSON, J., delivered the opinion of the court.

It is unnecessary to go into this case much at length. It is a suit brought under the back-tax law of 1877, to collect the taxes which were assessed against certain land of the Wesleyan Cemetery Association, a corporation, for the year 1877. The evidence tends to show that the land in question had, for many years, been used as a cemetery; that about ten thousand bodies in all had been buried in it; that towards the end of the year 1877, the association purchased land for a new cemetery; that in the spring of 1878 they commenced removing the bodies from the old cemetery to the new one, but that the bodies had not all been removed at the time of the trial.

The court, sitting as a jury, declared the law to be, that if the premises were used as a cemetery at the time the taxes sued for were assessed, the plaintiff could not recover, being prohibited from taxing the property in question by section 6 of Article X. of the state constitution, which went into effect on November 31, 1875.

This is correct. The constitutional provision in question recites that " the property, real and personal, of the state, counties, and other municipal corporations, and cemeteries, shall be exempt from taxation." The court must have found that the property in question was, during the year 1877, used as a cemetery, and no other finding could have been made under the evidence.

The plaintiff had no case. The court so held, and its judgment is affirmed. All the judges concur.